# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAVID ERROL WILLOCK, <br><br> Petitioner, <br><br> vs. <br><br> WILLIAM SPERFSLAGE, <br><br> Respondent. | No. C17-2005-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court pursuant to the petitioner's application for a writ of habeas corpus (docket no. 2). The petitioner filed such application on February 1, 2017. The petitioner paid the $5.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v.*

*Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[1] It is clear that the statute of limitation started to run in 2008, that is, the year in which all of the petitioner's direct appeal proceedings concluded and his convictions became final.[2] *See State v. Willock*, 2008 Iowa App. LEXIS 188 (Iowa Ct. App. Mar. 26, 2008); *State v. Willock*, 2007 Iowa App. LEXIS 278 (Iowa Ct. App. Mar. 14, 2007); *State v. Willock*, 2004 Iowa App. LEXIS 1333 (Iowa Ct. App. Dec. 22, 2004); *State v. Willock*, Case No. FECR111914 (Black Hawk Cty. Dist. Ct. 2006);[3] *see also* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the

---

[1] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2] The Iowa Supreme Court denied the petitioner's application for further review on May 21, 2008. Hence, the petitioner's direct appeal became final later that year or on the last date he could have sought a petition for a writ of certiorari. *See* Sup. Ct. R. 13 (setting forth time for petitioning for a writ of certiorari).

[3] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2244, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between 2008, that is, the year that the petitioner's conviction became final, and February 1, 2017, that is, the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of

3

appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

Before the petitioner's conviction became final, the petitioner filed a state post-conviction relief action on May 15, 2008, and procedendo issued with respect to such action on November 20, 2015. *See Willock v. State*, 2014 Iowa App. LEXIS 1219 (Iowa Ct. App. Dec. 24, 2014); *Willock v. State*, Case No. PCCV105547 (Black Hawk Cty. Dist. Ct. 2013); *see also* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is not counted] toward any period of limitation"). The petitioner, however, did not pursue any type of state post-conviction relief from November 20, 2015 to February 1, 2017. Given the period of time that the petitioner sought state post-conviction relief, it is clear that over one year, that is, more than 14 months, passed without any portion of the applicable period being tolled.

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (observing that equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and

4

gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (stating that equitable tolling is reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the [respondent] has lulled the [petitioner] into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)).

In this case, the petitioner presents no extraordinary circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (clarifying that a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it). Hence, there is no basis to toll the applicable period. *See, e.g.*, *Gordon v. Ark.*, 823 F.3d 1188, 1194-96 (8th Cir. 2016) (determining that mental condition did not cause statute to be equitably tolled); *Bear v. Fayram*, 650 F.3d 1120, 1123-25 (8th Cir. 2011) (deciding that no state-created impediment entitled the petitioner to equitable tolling); *Rues v. Denney*, 643 F.3d 618, 621-22 (8th Cir. 2011) (reaffirming that attorney's miscalculation of filing deadline does not warrant equitable tolling); *Nelson v. Norris*, 618 F.3d 886, 892-93 (8th Cir. 2010) (explaining that a petitioner must establish that he diligently pursued his rights); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (reiterating that "lack of access to legal resources does not typically merit equitable tolling"); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (explaining that confusion about limitations period or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings did not warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (concluding that lack of understanding of the law and the effect of a voluntary dismissal does not amount to an extraordinary circumstance); *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (determining that mental impairment did not constitute an extraordinary circumstance justifying the tolling of the limitations period).

Based on the foregoing, the petitioner's application for a writ of habeas corpus shall be denied as untimely.[4] Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application for a writ of habeas corpus (docket no. 2) is denied.

(2) The clerk's office is directed to enter judgment in favor of the respondent.

(3) A certificate of appealability is denied.

(4) If the respondent deems it appropriate to waive the statute of limitations as an affirmative defense, he is directed to notify the court by no later than May 15, 2017 that he prefers to file an answer that waives the statute of limitations as a defense.

(5) The clerk's office is directed to send a copy of this order to the respondent and the Iowa Attorney General.

**DATED** this 1st day of May, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4] In light of the record, the court finds that pre-service dismissal is appropriate. Nonetheless, if the respondent deems it appropriate to waive the statute of limitations as an affirmative defense, he shall notify the court by no later than May 12, 2017 that he prefers to file an answer that waives the statute of limitations as a defense. *Cf. Martinez v. United States*, 423 F. App'x 650 (8th Cir. 2011) (observing that, although it is clear that a court may sua sponte consider the timeliness of a § 2255 motion, the government may waive the statute of limitations defense because it is a non-jurisdictional affirmative defense). The clerk's office shall send the respondent and the Iowa Attorney General a copy of this order.